[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, J. William Burns, the Commissioner of Transportation moves for Summary Judgment on the grounds that the state does not have a duty to maintain a stop sign it erected on a town highway and that the plaintiff was contributorially negligent.
The plaintiff, Geraldine Urbanucci, filed a three count revised complaint on October 3, 1988 against Keith and Maria McLellan, the Commissioner of Transportation of the State of Connecticut ("commissioner") and the Town of Farmington.
For the purposes of this motion, it is undisputed that on July 2, 1986, the plaintiff and the defendant Keith McLellan were involved in an automobile accident at or near the intersection of Wolf Pit road and Birdseye Road in Farmington. The plaintiff alleges that overhanging tree limbs and branches obstructed her view of the stop sign at the intersection, thereby causing the accident and her injuries.
In the first count, the plaintiff sues Keith and Maria McLellan, operator and owner of the automobile with which the plaintiff's automobile collided, for negligence. The parties have, subsequently, settled this count,
In the second count, the plaintiff sues the commissioner pursuant to General Statutes 13a-144 for violating the duty to keep and maintain the highways in a reasonably safe condition. The plaintiff timely notified the commissioner of her injury and intent to sue on August 7, 1986.
In the third count, the plaintiff sues the Town of Farmington for failing to keep the road under repair pursuant to General Statutes 13a-149.
The commissioner filed his answer on July 21, 1989 and the pleadings were closed. Practice Book, 379. On October 5, 1990, the commissioner moved for summary judgment. This motion was supported by a memorandum of law and the affidavit of Stephen Martinsen, District Traffic Engineer of the Connecticut Department of Transportation for the district that includes Farmington. On January 31, 1991, the plaintiff moved to withdraw the commissioner as a defendant. The motion was CT Page 8804 granted. On June 24, 1991, the plaintiff moved to have the commissioner restored as a defendant and this motion was granted on July 15, 1991. The commissioner, on August 1, 1991, again moved for summary judgment and also filed a memorandum in support, the affidavit of Stephen Martinsen, a partial transcript of Stephen Martinsen's deposition and a partial transcript of the plaintiff's deposition. The commissioner's basis for summary judgment is that the Town of Farmington, not the State, had a duty to maintain the stop sign and to cut away any overhanging tree limbs or branches that may have obscured the stop sign. Also, the commissioner claims that the plaintiff failed to sufficiently prove that she was free of any contributory negligence.
On September 9, 1991, the plaintiff filed a memorandum of law in opposition to the motion, the partial transcripts of the deposition of Stephen Martinsen and James Grappone, Engineer for the Town of Farmington, a partial transcript of the plaintiff's deposition, to police report of the accident and the plaintiff's affidavit. The plaintiff argues that genuine issues of material fact remain concerning the commissioner's duty to maintain the stop sign and the alleged contributory negligence of the plaintiff and, therefore, summary judgment should be denied.
"Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). A material fact is a fact which will make a difference in the case. Hammer v. Lumberman's Mutual Casualty Company,214 Conn. 573, 578, 573 A.2d 699 (1990). The burden of proof is on the movant to show the nonexistence of material facts. Id. at 579." [T]he trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246-7, 571 A.2d 116 (1990). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984), quoting Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 199, 319 A.2d 403 (1972).
The commissioner cites General Statutes 13a-99a(c) which states:
 When a town road crosses or intersects a state highway right-of-way at grade level, the responsibility for maintenance of that portion of the town road from the edge of CT Page 8805 the state highway right-of-way to the edge of the traveled portion of the state highway shall remain with the town; and any liability for neglect or default of maintenance of such portion of the town road shall be in accordance with section 13a-149. When a town road passes over or under a state highway right-of-way, the responsibility for maintenance of the road shall remain with the town; and any liability for neglect or default of such maintenance shall be in accordance with section 13a-149.
The commissioner relies on this statute to argue that the town, not the state, has a duty to maintain the stop sign. The commissioner further contends that even if he has maintained, or has a duty to maintain the stop sign itself, he is not under a duty to maintain the sight lines of the sign.
In opposition, the plaintiff relies upon General Statutes 13a-119 which states:
 The commissioner, whenever in his opinion the same is necessary, shall on any state highway, way, and may on any town highway, erect and maintain suitable warning and directional signs for the guidance of persons traveling thereon and may erect and maintain traffic control signals, devices, signs and markings on state highways, as approved by the state traffic commission. All of such signs and devices shall conform to the specifications of the manual of uniform traffic control devices as approved and revised by the state traffic commission.
Documentary evidence may be used in a summary judgment motion if such proof sets forth facts as would be admissible in evidence. Practice Book, 381. The admissibility of deposition of government employees is cited in Practice Book, 248(1)(c):
 The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or employee or a person designated under Sec. 244(g) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.
The plaintiff, through the deposition testimony of CT Page 8806 Stephen Martinsen, District Traffic Engineer of the Connecticut Department of Transportation, presents evidence that the commissioner erected the stop sign; that the sign is state owned, on a right of way owned by the state; and that the state has maintained the sign and normally maintains such signs.
Additionally, the commissioner argues that the plaintiff has failed to prove that she was free of negligence. The plaintiff contends that negligence cannot be decided through summary judgment because it is a factual issue.
We find that questions of material fact remain concerning the commissioner's duty to maintain the stop sign and the issue of the plaintiff's alleged contributory negligence. Taking the evidence in the light most favorable to the plaintiff, we conclude that the commissioner has failed to meet the burden of showing that there is no genuine issue of fact. Accordingly the commissioner's motion for summary judgment is denied.
M. HENNESSEY, J.