[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#117)
The plaintiff's complaint alleges acts of automobile negligence against several defendants. Two of these defendants, Lori Russo ("Russo"), the operator of a van allegedly involved in the accident, and the Town Country Yellow Cab Co., Inc. ("Town Country"), the owner of the van, have moved for summary judgment, arguing that they are not negligent as a matter of law. CT Page 5901
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). "The moving party has the burden of showing the absence of any genuine issues as to all material facts, which under principles of applicable law entitle him to judgment as a matter of law. The movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Citations omitted.) Bartha v. Waterbury House Wrecking, 190 Conn. 8, 11-12,459 A.2d 115 (1983). See also Fogarty v. Rashaw, 193 Conn. 442, 444-445,472 A.2d 582 (1984).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Id., 446, citing Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199, 319 A.2d 403 (1972). ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such facts exist." Nolan v. Borkowski, 206 Conn. 495,500, ___ A.2d (1988).
The plaintiff's motion for summary judgment is premised on the contention that the pleadings, affidavit, and other proof positively establish that defendants Lori Russo and Town Country Yellow Cab Company are not negligent.
In his complaint, the plaintiff states that defendant Russo, the operator of a van that was allegedly involved in the plaintiff's accident, changed lanes without checking that such a movement could be made safely, that she was operating her vehicle at an unsafe speed, that she was inattentive, that she failed to warn the plaintiff, and that she failed to keep her vehicle under proper control. The plaintiff complains that defendant Russo operated the van with the full knowledge and consent of the owner of the van, defendant Town Country Yellow Cab, Inc.
The moving defendants, in arguing that there are no genuine CT Page 5902 issues with respect to their negligence, have noted that the plaintiff has admitted in deposition that he lacks any personal knowledge about the accident, that the plaintiff did not see the defendants' van change lanes, and that he was unaware of many of the other facts with respect to the defendant's acts of alleged negligence. The moving defendants have cited the plaintiff's statements that the other defendants were primarily responsible for the accident, and have asserted facts which would indicate that fault lies with the operator of the motorcycle, with whom the plaintiff was riding as a passenger.
The moving defendants cite to the deposition testimony of an nonparty eyewitness, who testified as to the speed of the van, that the van signaled before it turned, that the van's stop was gradual and not sudden, that the van's driver was not negligent, and that the accident was caused by the driver of the motorcycle.
The moving defendants also cite to the deposition testimony of a police officer who responded to the accident, who testified that the van was pointed straight ahead in the lane and was not pointed left, that there was no indication that the van had made a lane change immediately before the accident, and that there was no evidence that the van stopped short.
Finally, the moving defendants state that "there are no other potential sources of evidence which could point to anything to the contrary." Memorandum in Opposition, 17.
While the facts cited in the moving defendant's memorandum and summarized above may constitute some evidence that the moving defendants were not negligent, even strong evidence, they do not establish that there is not a genuine issue as to all material facts. The plaintiff could produce evidence to contradict these facts. He should be permitted to do so. The motion for summary judgment is therefore denied. Fogarty v. Rashaw, supra, 444-445; Spencer v. Good Earth Restaurant Corp., supra, 199.
Burns, J.