[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 1, 1990, the plaintiff, Steinbach, Inc. a/k/a Supermarkets General Corp., T/A Howland, filed a four-count complaint against John Cowles in connection with services rendered by Cowles in his capacity as a deputy sheriff in New Haven County.
The plaintiff's complaint and the defendant's affidavit establish the following undisputed facts. On November 5, 1981, the Superior Court in Bridgeport issued a wage execution in the amount of $1,382.02 to be served upon U.S. Repeating Arms, the employer of the plaintiff's judgment debtor, one Andrew Jones. On November 11, 1981, the plaintiff forwarded the wage execution CT Page 6686 to the defendant for service upon the employer.
In count one, the plaintiff alleges that the defendant failed to remit funds received as a result of the wage execution and concealed the status of the execution in violation of his statutory duties. The plaintiff admits receiving the principal amount of the execution but seeks interest as a result of the defendant's negligence. In count two, the plaintiff alleges that the defendant breached an agreement with the plaintiff to effectuate proper service, and to advise plaintiff of the status of the execution. Count three alleges theft pursuant to General Statutes 52-564, and count four alleged a violation under CUTPA, but was subsequently stricken by the court.
The defendant has asserted three special defenses: the statute of limitations; contributory negligence; and that there was no theft on his part.
The plaintiff has now moved for summary judgment (#117) on counts one and two as to liability only.
Summary judgment may be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book 384; Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991).
The plaintiff argues in support of summary judgment that there are no issues of fact concerning the failure of the defendant to execute the process promptly as mandated by General Statutes 6-32 and 52-361a(e). The plaintiff argues that, therefore, the defendant was negligent and breached his agreement.
The defendant counters that his statute of limitations special defense presents a question of fact regarding the plaintiff's claim. The defendant also argues that a question of fact exists regarding whether he was negligent.
The defendant's affidavit provides the following additional facts. On or about December 14, 1981, the defendant served the wage execution upon the employer, U.S. Repeating Arms. The defendant did not receive payment from U.S. Repeating Arms until the spring of 1987. The check contained nothing to indicate to whom it pertained. The plaintiff had never contacted the defendant about the payment. The defendant searched his records to try to determine the proper recipient of the check but could not do so. The defendant deposited the check in a bank account for safe keeping. CT Page 6687
By letters dated May 21 and May 30 of 1990, the defendant received demand for payment from the plaintiff. On July 2, 1990, the defendant gave $1,468.74 to plaintiff's counsel. This suit followed in the early winter of 1990.
General Statutes 6-32 provides in part that: "Each sheriff and each deputy sheriff shall receive each process directed to him when tendered, execute it promptly and make true return thereof. . . . If any sheriff does not duly and promptly execute and return any such process . . . he shall be liable to pay double the amount of all damages to the party aggrieved."
General Statutes 6-35 provides that any deputy sheriff "who fails to pay over to the person authorized to receive it, any money collected by him on behalf (of another) . . . within fifteen calendar days from the date of collection of the money, shall be liable to such person for the payment of interest on the money at the rate of five per cent per month from the date on which such . . . deputy sheriff received the money."
General Statutes 52-631a(e) provides: "A wage execution shall be served within one year from its issuance and returned within thirty days from the satisfaction of the judgment."
The plaintiff complains that the defendant owes the penalty and/or interest set forth in the statutes regarding prompt service and retention of funds collected.
The defendant asserts as a special defense the statute of limitations in General Statutes 52-583, which provides: "No civil action shall be brought against any sheriff, sheriff's deputy or constable, for any neglect or default in his office or duty, but within two years next after the right of action accrues."
Because the plaintiff is moving for summary judgment, it has the burden of proving no material issues of fact are at issue and plaintiff's entitlement to summary judgment as a matter of law.
Despite the plaintiff's assertion to the contrary, material questions of fact do exist regarding whether the defendant and/or the plaintiff itself were negligent and whether the defendant breached an alleged agreement. Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198-99, 319 A.2d 403
(1972), states that summary judgment is ill-suited to negligence cases. ("Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and CT Page 6688 requires the trier of fact to determine whether the standard of care was met in a specific situation . . . . [T]he conclusion of negligence is necessarily one of fact." This is equally true under the circumstances of this case with respect to the breach of contract claim and the defense of statute of limitations.
Therefore, the plaintiff's motion for summary judgment is denied.
WILLIAM B. LEWIS, JUDGE