[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On May 20, 1991, the plaintiff Neftali Rosa, Jr. filed a one-count complaint, alleging negligence on the part of the defendant, Alfonso J. Carvalho. In the complaint, the plaintiff alleges that the automobile in which he was a passenger collided with an automobile operated by the defendant at the intersection of Brooklawn Avenue and North Avenue in Bridgeport. The plaintiff alleges that the defendant caused the accident by failing to observe a red traffic signal, in violation of General Statutes section 14-299, and claims money damages for injuries allegedly received as a result of the accident.
On September 14, 1992, the plaintiff filed a motion for CT Page 128 interlocutory summary judgment pursuant to Practice Book section 385, on the ground that there is no genuine issue of material fact as to the defendant's liability. Along with the requisite memorandum of law the plaintiff submitted a photocopy of the police accident report, a photocopy of a statement given by a witness to the accident, and an affidavit of the plaintiff. On October 29, 1992 the defendant filed an objection.
Summary judgment is a strictly measured remedy and is to be used with great caution and clear acknowledgment only when warranted by law. Paine Webber Jackson Curtis, Inc. v. Winters,13 Conn. App. 712, 720, 539 A.2d 595, cert. denied, 200 Conn. 803,545 A.2d 1100 (1988). A motion for summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384. See also Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990). To prove that there is no genuine issue of material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984). A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). In determining whether there is a material issue of fact, the court considers the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). Once the moving party has presented supporting evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
Where there is no genuine issue as to any material fact, the court must then decide whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983). That question is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). Connell v. Colwell, supra, 247; Connelly v. Housing Authority, supra, 364.
The plaintiff argues that the documentary evidence submitted indicates that there is no question of material fact regarding the defendant's negligence in failing to stop at the traffic light. CT Page 129 However, the only indication of the defendant's alleged negligence in the photocopied police report (Exhibit A) is a statement made by a witness.
 [A] report prepared by an officer in charge of an accident investigation is admissible in its entirety [under the business record exception to the hearsay rule contained in General Statutes section 52-180]. Such a report is not admissible, however, if it contains information furnished by a mere bystander. Information obtained from a person with no business duty to report is admissible only if it falls within some other hearsay exception.
In re Jesus C., 21 Conn. App. 645, 653, 575 A.2d 1031, cert. den.216 Conn. 819, 581 A.2d 1055 (1990). No other hearsay exception exists regarding the witness' description contained in the police report. Therefore, since the report contains inadmissible hearsay it may not be considered by this court as a basis for a summary judgment.
The second document relied upon by the plaintiff in support of his motion is a photocopy of a written statement made by a witness to the accident, John M. Steele. (Exhibit B). This document is merely an uncertified copy of the witness' handwritten statement which was not given under oath. It does not "qualify as an affidavit because of the absence of an oath." Fogarty v. Rashaw, 193 Conn. 442,444, 476 A.2d 582 (1984). Its authenticity has not been verified; therefore it is insufficient as a basis for a summary judgment.
The plaintiff's affidavit, although self-serving, is admissible evidence in Connecticut although the plaintiff's interest in the outcome of the action may affect his credibility. See General Statutes section 52-145. Notwithstanding, the plaintiff's affidavit is insufficient to show the absence of a genuine issue of material fact.
In his affidavit, the plaintiff states that "[a]pproximately one-half block prior to reaching the intersection . . . the traffic light at the intersection changed to green for traffic proceeding in our direction." Exhibit C., paragraph 6. The affidavit does not state that the traffic light was green when the vehicle in which the plaintiff was a passenger entered the intersection, nor does it state that the traffic light was red in the direction of the defendant's vehicle. Under the facts described by the plaintiff, it is entirely possible that the traffic light could have changed prior to the plaintiff's vehicle entering the intersection, or that the traffic light could have CT Page 130 malfunctioned so as to show a green signal in both directions.
The plaintiff has failed to prove that there is no genuine issue of material fact. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403 (1972).
For the foregoing reasons, the motion for summary judgment is denied.
Leheny, J.