[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moved for summary judgment pursuant to Practice Book 378 after the close of pleadings. The defendant filed an affidavit and a memorandum of law in opposition. CT Page 849
In his complaint, the plaintiff alleged that, while operating his motor vehicle in an easterly direction on Interstate I-95, he was struck from behind by the defendant, suffering injuries as a result. In addition to various common law claims of negligence, the plaintiff alleged that his injuries and losses were caused by the defendant's failure to operate his vehicle a reasonable distance apart from plaintiff's vehicle in violation of 14-240, Connecticut General Statutes.
Both parties rely, in part, on the police accident report, although for different reasons. The report indicates that the defendant admitted to the investigating officer that he struck plaintiff's vehicle from behind while "looking to his left to change lanes." The officer concludes in the report that the defendant was the "causative factor of this accident . . . [because of his] following [plaintiff's vehicle] too closely with regard to his inattentiveness."
The defendant argues that the police report is inadmissible to support the plaintiff's motion because it does not conform to the requirements of 380 of the Practice Book. The implication of that argument is that the police report is not an affidavit or statement made under oath. Section 380 states, in part, that the "motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified admissions and the like." No exclusion of a police accident report can reasonably be inferred from that language.
The defendant also filed an affidavit in opposition to the motion. The affidavit is in the required form and asserts, inter alia, that:
 "3. On March 29, 1990, I was operating a 1981 Camaro automobile in a easterly direction on I-95 in New Haven.
 4. As I was following a 1984 Plymouth in the right lane of I-95, the Plymouth suddenly slowed and my car crashed into the rear of the Plymouth.
Ordinarily, an affidavit in opposition to a motion for summary judgment that raises a genuine issue of material fact, requires the denial of the motion. "In deciding a motion for CT Page 850 summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict. Connell v. Colwell, 214 Conn. 242, 246 (1990).
Numerous cases have held summary judgment inappropriate for the resolution of negligence actions. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446 (1984). "Summary Judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . the conclusion of negligence is necessarily one of fact." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198 (1972).
In the instant case, the plaintiff alleged that he was struck from behind by the defendant in a motor vehicle accident on I-95 which occurred on March 27, 1990. The police accident report confirms the date and place of the accident as well as the identity of the parties. The defendant's affidavit refers to an incident that occurred on March 29, 1990 and therefore is irrelevant to the plaintiff's motion.
Accordingly, the motion for summary judgment is granted.
BY THE COURT:
LEANDER C. GRAY, JUDGE