[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Raymond Schwartz, filed a one-count complaint on June 4, 1993 against the defendants, John and Gloria Goodwin. The plaintiff alleges that on May 6, 1992, he was stopped in traffic at a stop light on Trumbull Street in New Haven, Connecticut, and that John Goodwin was driving a car owned by Gloria Goodwin when the defendants' car collided with the rear of the plaintiff's car. The plaintiff further alleges that the force of the collision caused his car to collide with the car in front of him. The plaintiff claims that John Goodwin's negligence caused the collision and the plaintiff's subsequent physical injuries and property damage.
The defendants filed an answer and special defense on July 20, 1993. The defendants deny all of the plaintiff's allegations regarding the collision. In their special defense, the defendants allege that the plaintiff's negligence caused the collision.
The plaintiff moved for summary judgment on January 24, 1994 on the ground that there is no genuine issue of material fact as to the defendants' liability to the plaintiff. Pursuant to Practice Book 380, the plaintiff filed a memorandum in support of the motion. The plaintiff attached his affidavit and a police report to the motion. The defendants have timely filed a memorandum in opposition to the motion.
LEGAL DISCUSSION
Summary judgment is a "method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17,477 A.2d 105 (1984). There are circumstances, however, that "do not lend themselves to summary disposition." (Citation omitted.) Nolan v. Borkowski, 206 Conn. 495, 504-05, 538 A.2d 1031 (1988). "Issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984), quoting Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403
(1972).
The moving party bears the burden of showing the non-existence of genuine issues of material fact. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986). "In deciding a CT Page 2072 motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., supra, 317. "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, supra, 500.
When a motion for summary judgment is submitted with affidavits and other documents, "an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Citation omitted.) Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986). Nevertheless, where the nonmovant fails to attach a counteraffidavit, the court may still conclude that an issue of material fact exists and deny the motion for summary judgment. Id.
The facts alleged in the plaintiff's sworn affidavit may be relied on by this court since the defendant has failed to file a counteraffidavit. However, the plaintiff's affidavit does not address all of the issues of fact related to the negligence alleged in the defendant's special defense. The plaintiff's affidavit states that he "was stopped in a line of traffic facing east on Trumbull Street." The plaintiff states further that he was stopped when his car was "struck in the rear by a vehicle owned by Gloria Goodwin and operated by John H. Goodwin, Jr." In the their special defense, the defendants allege that the plaintiff "failed to keep a reasonable and proper lookout" and "failed to turn said automobile in time to avoid a collision," inter alia. Where factual issues contested in the pleadings remain unresolved, the court may not grant summary judgment. Fogarty v. Rashaw, supra, 445.
CONCLUSION
Since the plaintiff's motion, as supported by his affidavit, does not dispel all of the factual issues raised in the defendant's special defense, the plaintiff's Motion For Summary Judgment must be denied.
So ordered.
Michael Hartmere, Judge CT Page 2073