[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On February 6, 1992, the plaintiff, William J. Gannon, filed an amended two-count complaint against the defendants, Aetna Casualty and Surety Company (Aetna) and Metropolitan Property and Liability Insurance Company. Count one is directed solely to the defendant Aetna. The plaintiff alleges: that on January 20, 1989, he was a passenger in an automobile driven by Marc A. Izzo, which collided head-on with a truck driven by Scott D. Craig; that Izzo was killed in the accident; that there were three tortfeasors, each having a liability policy, and that there were several claimants; that he brought suit against the tortfeasors for his injuries as a result of the accident; that the amount he received as a consequence of the suit was inadequate to compensate him for his injuries; and, that pursuant to his insurance policy with Aetna he is legally entitled to recover damages as a person injured by an underinsured motorist.
On March 4, 1994, Aetna filed an answer admitting that the plaintiff was insured by Aetna and denying the plaintiff's remaining allegations. Aetna also filed four special defenses claiming: set-off for "basic reparations benefits paid" to the plaintiff; a reduction of any damages owed by Aetna for awards to the plaintiff for workers' compensation or disability benefits; a reduction for any other collateral source payment to plaintiff; and, for plaintiff's failure to state a cause of action against Aetna.
On October 6, 1993, the plaintiff filed a motion for summary judgment on count one with respect to liability only, and also moved for a hearing in damages before a jury. The plaintiff also filed a supporting memorandum of law, an affidavit and three exhibits.
On December 22, 1993, Aetna filed a memorandum in opposition to the plaintiff's motion for summary judgment.
The purpose of summary judgment is to determine if the pleadings and affidavits "`show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' (Citation omitted.) Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 197, 319 A.2d 403 (1972). "Summary judgment procedure is an attempt to dispose of cases CT Page 3773 involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,375, 260 A.2d 596 (1969). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 535 A.2d 793 (1988). The moving party has the burden of showing "the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law." Spencer v. Good Earth Restaurant Corp., supra. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Id.
In his memorandum of law, the plaintiff argues that he has $600,000.00 of uninsured/underinsured motor vehicle coverage from Aetna. The three tortfeasors each have a liability policy and each of those policies is less than $600,000.00. The plaintiff argues that in order to trigger coverage you subtract all of the liability policies available to an individual tortfeasor from the amount of underinsured coverage of the applicable policy. If the underinsured coverage is greater than the available liability of any one tortfeasor, the plaintiff is entitled to underinsured motorist coverage as a matter of law.
Aetna argues that the insurance contract provisions along with the statutory provisions determine whether the plaintiff is entitled to underinsured motorist coverage and claims that this determination is a question of fact. Aetna further alleges that the plaintiff is entitled to underinsured motorist coverage only if the plaintiff is entitled to damages and that the amount available to the plaintiff is also a question of fact.
The interpretation of an insurance contract presents a question of law; Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51,58, 588 A.2d 138 (1991); and "`the terms of an insurance policy are to be construed according to the general rules of contract construction.'" (Citation omitted.) Dewitt v. John Hancock Mut. Life Ins. Co., 5 Conn. App. 590, 593, 501 A.2d 768 (1985).
The determinative question is the intent of the CT Page 3774 parties, that is, what coverage the . . . [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. If the terms of the policy are clear and unambiguous, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. However, [w]hen the words of an insurance contract are, without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted.
(Internal quotation marks omitted.) Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 512-13, 442 A.2d 920 (1982).
General Statutes 38a-336 (b) and (d) obligate insurance companies to pay the underinsured motorist coverage "after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted." General Accident Ins. Co. v. Wheeler, 221 Conn. 206,209, 603 A.2d 385 (1992). In a case where there is more than one tortfeasor, the court has interpreted this provision to mean "that under the provisions of . . . 38a-336 (b) and (d), the insured need only exhaust the `liability bond or insurance policies' of one tortfeasor in order for the insured to be eligible to pursue underinsured benefits." Id., 214.
The language of the plaintiff's policy nearly mirrors the language in the provisions of General Statutes section 38a-336.
The plaintiff's policy provides $600,000.00 of underinsured motorist coverage. (Plaintiff's Exhibit B.) Each of the three tortfeasors had total liability coverage in amounts less than $600,000.00, ($100,000.00, $500,000.00, and $20,000.00, per person limits, respectively). (Plaintiff's affidavit.) The liability portion of the case was settled in Gannon v. Pappas, Superior Court, judicial district of New Haven at New Haven, Docket No. CV90-0299637S (1990). Aetna granted permission to the plaintiff to settle the liability portion of the claim; (Plaintiff's Exhibit A.); and the award of damages exhausted the coverage of all the tortfeasors' policies. The damages were apportioned among all the claimants involved in that action. See Gannon v. Pappas, supra. Aetna has submitted no counteraffidavits nor disputed any of the facts offered by the plaintiff. Aetna argues that the determination of coverage is a question of fact, yet cites no authority to support such claim. Further, Aetna contends that CT Page 3775 damages must be determined before liability attaches; however, the determination of damages is dependent on a finding of liability, not the opposite. Since the plaintiff moves for summary judgment as to liability only and requests an immediate hearing on damages, Aetna's claims regarding the amount of damages are premature and irrelevant to the determination of liability. See Practice Book 385.
The determination of whether the plaintiff is entitled to underinsured motorist coverage is a question of law. Because the plaintiff's underinsured coverage is greater than the liability coverage of any one tortfeasor and those sums have been exhausted, each of the tortfeasors is underinsured with respect to the plaintiff. Accordingly, as a matter of law, Aetna is liable to the plaintiff for underinsured motorist coverage. Whether, ultimately, the plaintiff is successful in receiving an award will be determined at a hearing in damages. The plaintiff's motion for summary judgment on count one is granted.
Robert A. Martin, Judge