[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On June 7, 1993, the plaintiff, Jeffrey A. Benoit, filed a two-count amended complaint against the defendants, V C Enterprises, Inc., (hereinafter, V C), Viola Belardo, and Carmen Belardo, in which the following facts are alleged. On June 10, 1990, the plaintiff sustained personal injuries while riding a wave runner on Gardner Lake in Salem, Connecticut, leased to him by the defendants. The plaintiff's CT Page 4100 personal injuries were caused by the defendants' following negligent actions: the defendants failed to adequately instruct the plaintiff in the use of the wave runner; the defendants failed to adequately warn the plaintiff of the dangers associated with the use of the wave runner; the defendants failed to adequately supervise the plaintiff's use of the wave runner; and that the defendants failed to adequately restrict the plaintiff's use of the wave runner.
The defendants leased the wave runner to the plaintiff; the defendants also owned, controlled, and maintained the wave runner. Count one is against defendant V C and count two is against defendants Viola Belardo and Carmen Belardo. The plaintiff seeks monetary damages for his medical injuries and for the impairment to his earning capacity and regular daily affairs.
On June 23, 1993, the defendants filed an answer and three affirmative defenses to the plaintiff's amended complaint. The defendants admit that the plaintiff was involved in an accident while operating a wave runner on June 10, 1990, that the plaintiff's accident occurred because of a collision with another wave runner operated by Frank Redanz and that the wave runner was rented from defendant V C. The defendants allege in their affirmative defenses that the plaintiff's complaint is barred by the statute of limitations period prescribed by General Statutes 52-584, that the plaintiff's damages were caused by his own negligent conduct, and that defendants Viola Belardo and Carmen Belardo were not acting in their individual capacity in connection with any of the allegations contained in the plaintiff's amended complaint.
On June 23, 1993, the plaintiff denied each allegation contained in the defendants' affirmative defenses. The plaintiff filed an amended complaint, dated July 20, 1993, in compliance with an order by the court, Teller, J., from June 8, 1993, in which the plaintiff was ordered to cite in Frank Redanz as a party defendant. The defendant filed a motion for summary judgment, dated January 7, 1994, against the plaintiff's amended complaint on the ground that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. In support of their motion for summary judgment, the defendants filed a supporting memorandum of law and affidavits from Michael Wojcik, an CT Page 4101 employee of defendant V C, and from defendants Carmen Belardo and Viola Belardo.
On January 28, 1994, the plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment arguing that there exists genuine issues of material fact. The plaintiff filed his own affidavit in support thereof.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v. Meehan, 225 Conn. 528, 534-35, 626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, supra. "The courts hold the movant to a strict standard." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the CT Page 4102 ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984), citing Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403 (1972). In the present case, the parties present affidavits containing conflicting statements as to whether the plaintiff received adequate instruction before using the wave runner. It therefore appears that viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist as to whether the plaintiff received adequate instruction before using the wave runner.
The plaintiff seeks to hold defendants Viola Belardo and Carmen Belardo individually liable for his personal injuries sustained from his June 10, 1990, accident. "To hold a corporate officer personally liable for wrongdoing, there must be a sufficient factual basis for a court to pierce the corporate veil." (Citations omitted; emphasis supplied.) United Electrical Contractors, Inc. v. Progress Builders, Inc.,26 Conn. App. 749, 755, 26 A.2d 1190 (1992). Piercing the corporate veil presents a question of fact. Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 561,447 A.2d 406 (1982). In the present case, the parties present affidavits containing conflicting statements as to whether the defendants Viola Belardo and Carmine Belardo were acting as officers and directors of V C on June 10, 1990. It therefore appears that viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist as to whether the defendants Viola Belardo and Carmine Belardo were acting as officers and directors of V C on June 10, 1990.
Inasmuch as the defendants have not met their burden of showing the nonexistence of any material facts, the defendants are not entitled to summary judgment as a matter of law. The defendants' motion for summary judgment against the plaintiff's amended complaint is denied.
Austin, J.