[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION FOR SUMMARY JUDGMENT #104
In a complaint filed on November 26, 1993, the plaintiff, Kathleen Solveira, alleges that on May 12, 1993, she was a pedestrian walking in a religious candlelight procession on Noble Avenue in Bridgeport. The plaintiff alleges that at that time, she was struck by a motor vehicle owned and operated by the defendant, Roberta Meketa. The plaintiff alleges that the defendant lost control of her vehicle when she attempted to light a cigarette. In an answer filed on January 31, 1994, the CT Page 682 defendant denies the plaintiff's allegations and raises the plaintiff's contributory negligence as a special defense.
On January 5, 1995, the plaintiff filed a motion for summary judgment (#104), supported by the plaintiff's affidavit and a copy of a police report. While the defendant did not file a memorandum or evidence in opposition to the motion, the defendant's attorney made an argument in opposition to the motion at short calendar.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp., 164 Conn. 194,199, 319 A.2d 403 (1972).
In the police report submitted by the plaintiff in support of her motion for summary judgment, the investigating officer states that "[u]pon arrival I found [defendant's vehicle] in its final resting position . . . ." This language indicates that the police officer did not witness the accident as it occurred. Based on the narrative section of the police report, the defendant told the officer that she was attempting to light a cigarette and she momentarily took her eyes off the road. A witness also told the officer that the defendant was travelling at what appeared to be a high rate of speed.
In Fogarty v. Rashaw, 193 Conn. 442, 476 A.2d 582 (1984), the court, in ruling on the use of statements of witnesses and parties contained in a police report to support a motion for summary judgment, held that "[e]xcept for the portion of the police report containing the personal observations of the police officer, none of these statements would have been admissible against the [non-movant] because of the hearsay rule." Id., 444. "They could not, therefore, have been relied upon to support the motion for summary judgment." Id. In the present case the plaintiff may not rely on the hearsay statements contained in the police report to support her motion for summary judgment. The court also notes that the police report does not contain an CT Page 683 oath. In the absence of an oath, the report cannot qualify as a sworn affidavit. Id.[1]
The plaintiff also relies on her affidavit to support her motion for summary judgment. While the court may rely on the uncontroverted facts stated in the plaintiff's affidavit in ruling on a motion for summary judgment; Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983); the plaintiff's affidavit merely restates many of the allegations made in her complaint. Even if the court considers these uncontroverted statements as true, genuine issues of material fact still remain with respect to the issue of causation and the issue of the plaintiff's contributory negligence (as raised by the defendant's special defense). Accordingly, the plaintiff's motion for summary judgment is denied.
BALLEN, J.