HERBERT SPENCER ET AL. *v.* GOOD EARTH
RESTAURANT CORPORATION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 8—decided December 20, 1972

*Ralph J. Lockwood,* for the appellant (defendant).

*John J. Coughlin,* for the appellees (plaintiffs).

HOUSE, C. J. This is an appeal by the defendant from a judgment of the Court of Common Pleas. The trial court granted the plaintiffs' motion for summary judgment on the issue of liability, accepted jury verdicts in favor of each of the plaintiffs on the issue of damages and denied the defendant's motion to set aside the verdicts. The sole

issue pressed on appeal is whether the court erred in granting the plaintiffs' motion for summary judgment on the issue of liability.

The complaint, containing four counts, alleged that on or about January 30, 1970, the named plaintiff bought a quantity of chow mein from the defendant restaurant, that on or about February 1 both plaintiffs ate a portion of the chow mein, that the chow mein contained pieces of glass and that as a result the plaintiffs suffered divers injuries. Each plaintiff alleged facts designed to impose liability on the defendant on the basis of warranty and of negligence.

The defendant in its answer to the complaint denied that any warranty existed, that it was negligent, that its food was unfit, that glass was in the chow mein and that the plaintiffs suffered injuries and incurred expenses. It alleged insufficient knowledge or information to form a belief as to the allegations that the named plaintiff had purchased chow mein from it and that either plaintiff had eaten the chow mein. There were no further pleadings.

After the pleadings were closed, the plaintiffs moved for summary judgment on the issue of liability and submitted affidavits reiterating in substance the allegations of the complaint. A part owner of the defendant restaurant filed an opposing affidavit, which stated that no glass utensils were used in the preparation of food in the restaurant, that the plaintiffs were not steady customers of the restaurant and "have never been seen prior to the alleged incident." The court granted the motion for summary judgment and found the issue of liability for the plaintiffs. Subsequently, on a trial to a jury on the issue of damages, verdicts in the amount of $750 were returned in favor of each plain-

tiff. The court denied the defendant's motion to set aside the verdicts. On the appeal to this court, the sole assignment of error is that the court erred in granting the summary judgment since the defendant disputed the facts alleged and the conclusions to be drawn therefrom.

The court has not enlightened us as to the basis of its decision to grant the motion for summary judgment. There is no finding and no memorandum of decision. The judgment recites only: "The Court having heard the parties on said motion and having examined the file, grants said motion and finds the issue of liability for the plaintiffs as alleged in the complaint." Under these circumstances, in deciding the merits of the appeal, we are confined to an examination of the pleadings and affidavits to determine whether they "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 303; *Pine Point Corporation* v. *Westport Bank & Trust Co.,* 164 Conn. 54, 55, 316 A.2d 765; *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596. The narrow issue presented to the trial court by the motion for summary judgment was whether a genuine issue of material fact existed; it could not try that issue if it did exist. *Dougherty* v. *Graham,* supra; *United Oil Co.* v. *Urban Redevelopment Commission,* supra; *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228, 253 A.2d 22.

"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden

the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 488, 280 A.2d 359." *Dougherty* v. *Graham,* supra. As we noted in *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 380: "The test . . . is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. 6 Moore, Federal Practice (2d Ed.) ¶¶ 56.02 [10], 56.15 [3], and cases cited. '[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.' *Sartor* v. *Arkansas Natural Gas Corporation,* 321 U.S. 620, 624, 64 S. Ct. 724, 88 L. Ed. 967. In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. *Vuono* v. *Eldred,* 155 Conn. 704, 705, 236 A.2d 470; *Engengro* v. *New Haven Gas Co.,* 152 Conn. 513, 516, 209 A.2d 174."

Litigants have a constitutional right to have issues of fact decided by a jury. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. Summary judgment procedure "is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact; *Cappiello* v. *Haselman,* 154 Conn. 490, 495, 227 A.2d 79; *Farrell* v. *Waterbury Horse R. Co.,* 60

Conn. 239, 250, 21 A. 675." *Pine Point Corporation* v. *Westport Bank & Trust Co.,* supra, 56. Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. *Aetna Ins. Co.* v. *Cooper Wells & Co.,* 234 F.2d 342, 344 (6th Cir.); *Ebersole* v. *Lowengrub,* 54 Del. 463, 180 A.2d 467; *Johnson* v. *Farha Village Supermarkets, Inc.,* 208 Kan. 241, 491 P.2d 904; *Duchesneau* v. *Silver Bow County,* 158 Mont. 369, 492 P.2d 926. In the present case, on the pleadings and affidavits, the parties were at issue as to whether in fact the named plaintiff purchased chow mein at the defendant's restaurant, whether the plaintiffs ate the chow mein, whether it contained glass, and whether the defendant was negligent. The plaintiffs alleged the truth of these facts and the defendant denied it. In the nature of the case no independent or documentary proof was available to make quite clear what the truth was and exclude any real doubt as to the actual factual situation. The situation was peculiarly one which required an evidentiary hearing for a trial of the issues of fact in which the trier would be called on to determine the credibility of witnesses and the weight to be given to their testimony. " 'It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised.' *Poller* v. *Columbia Broadcasting System, Inc.,* . . . [368 U.S. 464, 473, 82 S. Ct. 486, 7 L. Ed. 2d 458]; *Fortner Enterprises, Inc.* v. *United States Steel Corporation,* 394 U.S. 495, 500, 89 S. Ct. 1252, 22 L. Ed. 2d 495." *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 376.

We conclude that on the pleadings and affidavits before the trial court there were genuine issues as

to material facts which should have been determined at a trial and accordingly the plaintiffs' motion for summary judgment on the issue of liability should not have been granted. Since, following that judgment, the parties tried to a conclusion the issue of damages and on this appeal there has been no claim of error in that proceeding or the verdicts rendered on that issue, there is no necessity for a retrial on the issue of damages in the event that on a trial of the issue of liability the plaintiffs prevail.

There is error in the judgment on the issue of liability only, the judgment is set aside and the case is remanded for a trial limited to the issue of liability.

In this opinion the other judges concurred.