[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#130)
The plaintiff, Dan Shaban, brings this action as the administrator of the estate of Mark Allan Varney seeking damages for the drowning death of the decedent Varney, which occurred while Varney was using the defendant Lambros J. Lambros' canoe on a pond at the defendant's farm in Norfolk, Connecticut.
The plaintiff's one count revised complaint, filed on September 28, 1990, alleges negligence against the defendant for his failure to provide life saving equipment, failure to secure the boathouse where the canoe was stored and failure to keep the pond free of organic matter which hindered the decedent's ability to swim.
The pleadings in this action have been closed since November 27, 1990. On January 30, 1991, the defendant filed a motion for summary judgment with a memorandum of law and various exhibits in support of the motion. On — March 31, 1991, the plaintiff filed a memorandum of law and various exhibits in opposition to the motion for summary judgment.
Summary judgment may be granted under section 384 of the Conn. Practice Bk if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364 (1990). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317 (1984). Summary judgment is usually inappropriate in a negligence action where the ultimate issue in contention involves mixed questions of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198 (1972).
The defendant, in support of the motion for summary judgment argues that there is no genuine issue of material fact because the defendant owed the plaintiffs' decedent no duty of care and thus cannot be liable in negligence as a matter of law.
The plaintiff, in opposition to the motion for summary judgment argues that there is a genuine issue of material fact as to the decedent's status on the defendant's property. The affidavit of the defendant Lambros states in pertinent part, at paragraph eight that, "I have never gave permission to use my canoe to. . .Mark Allan Varney. . . .I specifically instructed. . . at the time I purchased my canoe that no one other than myself or my family were to use the canoe or the pond." The plaintiff has submitted the affidavit of the decedent's mother Dorothy Fletcher which states at paragraphs seven and eight that "My son was permitted to be anywhere on the premises of the farm including the pond and shed where Mr. Lambros stored his canoe at any time. . . .Mr. Lambros never instructed me. . .or my son that no one other than he or his family were to use his canoe or the pond where my son drowned. . . ." A genuine issue of material CT Page 4686 fact exists as to whether the decedent had permission to use the canoe and the pond. The decedent's status as either a trespasser, licensee or an invitee is a question of fact which ultimately depends upon the scope of the decedent's permissible use of the defendant's property. Accordingly, the defendant's motion for summary judgement is denied.
SUSCO, J.