[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a wrongful death action brought on behalf of a five week old infant who was killed by two children, ages four and five, while living in a homeless shelter in Stamford. The plaintiff, Suzette Franklin, was a resident of St. Luke's Shelter, which is operated by the defendant, St. Luke's Community Services (SLCS), a Connecticut corporation. The plaintiff alleged that on June 3, 1989, when she was in the shelter's kitchen downstairs, two unsupervised children entered her room where her five-week old twin infant daughters were asleep on a bed. According to the complaint, the two children brutally assaulted one of the twins, who died an hour later. The other twin was unharmed.
The plaintiff brings this action as the administratrix of the estate of Sarah Jacques, her deceased infant daughter. In her complaint, plaintiff alleges that SLCS had the duty to provide reasonably safe accommodations to all infants whom it undertook to house; that SLCS knew or should have known that the large number of unsupervised children in the shelter were a risk to resident infants; that SLCS did not make cribs available to the plaintiff's infant daughters, and they were thus left defenseless and easily accessible to the two young children; and that the failure to exercise reasonable care in the operation of the shelter caused the decedent to lose her life.
SLCS filed an answer, special defenses, and a counterclaim. The special defenses alleged that the plaintiff is not a duly qualified administratrix who is able to bring the present action; that the injuries of the decedent were caused by the negligent or willful acts of the children, over whom SLCS had no control; and that the injuries were caused by the plaintiff herself, over whom SLCS had no control. The counterclaim sought a reduction in the verdict by the percentage of fault attributable to the plaintiff. CT Page 8999
The court, Rush, J., granted a motion to strike both the third special defense regarding plaintiff's conduct and the counterclaim by a Memorandum of Decision, dated March 19, 1992.
SLCS has moved (#129) for summary judgment, Practice Book 384, on the ground that the harm to the decedent was not a foreseeable consequence of any conduct on its part, and that even if SLCS was negligent, the conduct of the two young children was the superseding cause of the decedent's injuries. In support of its motion, SLCS submitted uncertified copies of the following: the rules of the shelter, in the form of a contract which the plaintiff signed; portions of the police report following the incident; and portions of the depositions of the plaintiff and of Reverend Shuster and Mary LaBranche, who apparently were employed by SLCS and/or the shelter.[1]
In opposition to SLCS's motion, the plaintiff filed her own affidavit, and uncertified copies of the following: the shelter rules; portions of the police report; portions of the depositions of Sergeant Robert Tymon, and of Mary LaBranche and Richard Pierre, who were apparently employees of the shelter at the time of the incident; letters from the shelter to donors of cribs and bassinets, which were sent in July of 1989; and two cases from other jurisdictions addressing the duty of a hotel to infants who are staying there.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. "In deciding such a motion, the trial court must view the evidence in CT Page 9000 the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781.
The defendant argues that SLCS was not the cause of the decedent's injuries, as the harm inflicted upon the decedent was not the foreseeable result of any conduct on the part of SLCS and that the conduct of the young children was the superseding cause of the decedent's injuries. In response, the plaintiff claims that the shelter did not have a sufficient number of cribs and that none was made available to the plaintiff for her two infant daughters. The plaintiff argues that it was foreseeable that infants unprotected by a crib may be harmed by their own action or those of other children. The plaintiff also claims that the attack was not an intervening cause which exonerated the defendant, because SLCS has not met its burden of proving that the conduct of the young children was intentional and not within the scope of the risk created by SLCS's own negligence.
As both parties noted in their memoranda, the Restatement (Second) of Torts, 442B (1965), provides that: "[w]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." Connecticut has adopted 442B of the Restatement. Doe v. Manheimer,212 Conn. 748, 766, 563 A.2d 699 (1989). "`The reason [for the general rule precluding liability where the intervening act is intentional or criminal is that in such a case the third person has deliberately assumed control of the situation, and all responsibility for the consequences of his act is shifted to him (Citation omitted.)" Id., 759.
Questions of fact exist concerning whether the children's conduct was intentional, and whether the harm to the decedent was within the scope of the risk created by SLCS's failure to provide a crib for the decedent. Uncertified copies of portions of depositions and police reports submitted by the parties leave many unanswered questions, particularly regarding whether the shelter could have prevented such a tragedy, and whether this bizarre attack on an infant by a four and a five year old was an intentional act or one committed without knowledge that the infant would be hurt. Such unresolved factual issues are material because they are necessary to resolve whether the defendant will be relieved of CT Page 9001 liability for the decedent's death. Furthermore, as courts have noted, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 199, 319 A.2d 403 (1972).
Genuine issues of material fact exist, and the defendant did not meet its burden of proving that it is entitled to judgment as a matter of law. The defendant's motion for summary judgment is therefore denied.
Lewis, Judge.