[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON STOP SHOP COMPANY, INCORPORATED'S MOTION FOR SUMMARY JUDGMENT
The defendant, Stop Shop, Inc. ("Stop Shop"), has moved for summary judgment on its Third Party Complaint on the ground that there is no genuine issue of material fact as to whether the third party defendant, S.G.M./Fusco Branford Associates, is obliged to hold harmless and indemnify Stop Shop under their lease agreement.
The plaintiff Richard MacKenzie's complaint in the underlying action, grounded in negligence, was filed on February 14, 1992. The plaintiff alleges that on or about February 20, 1990, he fell on some loose stones on a ramp leading from Stop Shop's place of business to the parking lot. The plaintiff further alleges that he was a business invitee of Stop Shop, that Stop Shop was negligent and the plaintiff's injuries occurred as result of that negligence.
Stop Shop's motion to implead S.G.M./Fusco was granted by the court, Gordon, J., on November 2, 1992. Stop Shop filed a two count, third-party complaint against S.G.M./Fusco on November 24, 1992. In the first count of the third-party complaint Stop Shop alleges that S.G.M./Fusco owned the premises where the plaintiff fell and that Stop Shop leased the subject premises. Furthermore, Stop Shop alleges that, under the terms of the lease, S.G.M./Fusco is responsible for maintaining the premises, is obliged to defend and indemnify Stop Shop for any claims of injury on the subject premises, and has refused to do so with regard to the plaintiff's complaint. In its second count, Stop Shop alleges that S.G.M./Fusco is liable to Stop Shop for breach of contract for failure to defend and indemnify.
Stop Shop originally moved for summary judgment on its third-party complaint on July 30, 1993. In support of its motion Stop Shop filed a memorandum of law and a copy of the lease between itself and S.G.M./Fusco. The motion was granted by the court, Licari, J., on August 30, 1993 "in absence of any objections on file." However, that order of summary judgment was vacated on September 2, 1993, as the underlying action had been dismissed on CT Page 10991 June 25, 1993. Nevertheless, S.G.M./Fusco filed a memorandum of law in opposition to Stop Shop's motion for summary judgment on September 14, 1993. The case was reopened on October 8, 1993 and Stop Shop reclaimed its motion for summary judgment, which was argued at short calendar on October 18, 1993.
DISCUSSION
The purpose of summary judgment is to determine if the pleadings and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 197, 319 A.2d 403 (1972).
"In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 535 A.2d 793 (1988). A material fact has been defined as one which will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
In its memorandum in support of the motion for summary judgment, Stop Shop argues that it can not be disputed that the lease requires S.G.M./Fusco to maintain the ramps and keep them free from debris and to defend and hold Stop Shop harmless for any damages on the ramps. Therefore, S.G.M./Fusco is liable for breach of contract for failure to defend and indemnify.
In its memorandum of law in opposition to the motion for summary judgment, S.G.M./Fusco argues that Stop Shop's prayer for relief is based on the active/passive exception of implied indemnification, (which provides for indemnification among joint tortfeasors) and that Stop Shop is not entitled to indemnification because Stop Shop has not established exclusive control of the subject premises, an element of active/passive CT Page 10992 indemnity. S.G.M./Fusco argues further that the lease is ambiguous with regard to who is responsible for the ramps and that ambiguity is a disputed material fact, rendering summary judgment inappropriate. Moreover, S.G.M./Fusco argues because it is not certain that Stop Shop is entitled to indemnity there is no breach of contract.
"Our Supreme Court has held that leases should be interpreted as contracts." Solomon v. Hall-Brooke Foundation, Inc., 30 Conn. App. 136,137, ___ A.2d ___ (1993), citing Hatcho Corporation v. Della Pietra, 195 Conn. 18, 20, 485 A.2d 1285 (1985). Generally, what the parties intended by their contractual commitments is a question of fact. Gaynor Electric Co. v. Hollander, 29 Conn. App. 865,872, ___ A.2d ___ (1993). Furthermore, "[t]he scope of the terms of a contract are questions of fact to be determined by the trier." Roban Realty, Inc. v. Faile, 13 Conn. App. 584, 590,538 A.2d 242 (1988).
In the present case, the scope of the terms of the lease between Stop Shop and S.G.M./Fusco is an issue of fact for the trier of fact. Accordingly, the motion for summary judgment must be denied.
CONCLUSION
Based on the foregoing, the defendant Stop Shop's motion for summary judgment on its Third Party Complaint is denied.
So ordered.
Michael Hartmere, Judge