[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a multi-vehicle accident which occurred on April 5, 1991 on Route 123 in Norwalk. The plaintiffs, Shirley and Carmine Siciliano, allege that Mrs. Siciliano sustained personal injuries while a passenger in a vehicle owned and operated by defendant Cindy Morley, when Morley's vehicle was struck from the rear by a vehicle operated by defendant Raymond Lenoue. Plaintiffs further allege the Morley vehicle was also struck by a vehicle operated by defendant George Gardner, who was driving a !vehicle owned by his employer, defendant Premium Beverages, Inc., and was directly behind the Lenoue vehicle. Plaintiff claims that !the Gardner vehicle struck the Lenoue vehicle and propelled it a second time into the Morley vehicle. Counts one through three are brought by Mrs. Siciliano and allege negligence as to all defendants, Morley, Lenoue and Gardner. Count four is brought by Mr. Siciliano as to all defendants, and alleges loss of consortium.
Morley filed a motion for summary judgment (motion #121) on the issue of liability. In support of her motion defendant Morley submitted: (1) her own affidavit; (2) an uncertified copy of a police report; and (3) a copy of an April 11, 1991 interview of Lenoue.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Company,214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616,546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation CT Page 479 omitted; internal quotation marks omitted.) Connecticut Bank and Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1981). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank and Trust Co. v. Carriage Lane Associates, supra, 781.
Defendant Morley argues that summary judgment should be granted in her favor both her affidavit and Lenoue's interview state that Morley's vehicle was stopped in a line of traffic, was struck from the rear and was propelled into the vehicle in front of it. In response, plaintiffs argue that summary judgment is ill-adapted to negligence cases, where the trier of fact must determine whether a certain standard of care was met. Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198, 319 A.2d 403
(1972). Plaintiffs further argue that even if the Morley vehicle was stopped when it was struck from behind, such fact does not conclusively establish that: (1) Morley was attentive; and (2) she kept a proper lookout and kept her vehicle under control.
The party seeking summary judgment bears the burden of showing that there are no issues of material fact. However, pursuant to Practice Book 380, a plaintiff opposing summary judgment must file "opposing affidavits and other available documentary evidence." A plaintiff must do more than simply allege that an issue of fact exists. See Hammer v. Lumberman's Mutual Casualty Company, supra, 579.
The plaintiffs in this case merely reallege the facts contained in the complaint and do not rebut the facts contained in Morley's affidavit which establish that she was struck from behind while stopped in a line of traffic. There are no facts in the complaint which describe any specific negligent acts on the part of defendant Morley, and thus, there remains no genuine issue of material fact regarding liability. Morley has met her burden of proving that she is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment for liability as to defendant Morley is granted.
So Ordered.
Dated at Stamford, Connecticut this 12th day of January, 1994 CT Page 480
WILLIAM BURKE LEWIS, JUDGE