[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Juana Soriano has initiated this action on behalf of her minor son Benny Soriano ("the plaintiff") against the Yankee Gas Service Company ("Yankee Gas"). The complaint alleges that the plaintiff's hand was crushed under a street storm sewer grate when the plaintiff reached under the open grate to retrieve a ball, and the grate fell on his hand. The plaintiff alleges that the defendant's employees caused the plaintiff's injuries by leaving the storm sewer grate in a dangerous position leaning on the sewer opening after moving it in the course of performing work in the area. (Plaintiffs' Complaint, ¶¶ 5 and 2, respectively.)
The defendant moves for summary judgment, arguing that there exists no genuine issue of material fact with respect to the plaintiffs' claims. Submitted with the defendant's motion are the affidavit of Joseph R. Ancona, Area Supervisor for the defendant, a map of the area, and a transcript of the plaintiff's deposition. The plaintiff has also submitted the transcript of plaintiff's deposition.
The standard for a trial court reviewing a motion for summary judgment is as follows:
 Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. CT Page 10390
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-06, ___ A.2d ___ (1994).
In the plaintiff's deposition, relied on by both parties, the plaintiff testified that he saw two men in a white van, that he believes was a Yankee Gas van, working in a manhole in the immediate area of the sewer grate either the day proceeding or the day of the accident. The defendant argues that there is no evidence which connects the defendant to the dislocation of the storm sewer grate. As the defendant points out, the plaintiff stated in the deposition that he did not see the men he believed to be Yankee Gas employees remove the storm sewer grate, or even near the storm sewer. Mr. Ancona swears that none of the defendant's gas facilities can be accessed through the manhole or the storm sewer, making it unnecessary for Yankee Gas employees to ever enter manholes or the storm sewer. Also, Ancona swears that at the time of the accident, the only employee the defendant had in the area was a worker marking the route of the defendant's underground gas lines with spray paint on the road surface.
The defendant argues that even if a material issue of genuine fact exists regarding whether the defendant's employees were working in a manhole near the storm sewer, no evidence exists supporting the plaintiff's claim that the defendant's employees moved the storm drain. In support of this contention, the defendant notes that the plaintiff admitted that he did not see the men he believed to be the defendant's employees remove the grate, and that he did not know who removed the grate.
In opposition to summary judgment, the plaintiff relies on his deposition testimony, wherein he states that he saw the Yankee Gas van in the area of the accident. The plaintiff argues that the defendant's evidence is merely an attack on the plaintiff's credibility and, therefore, should be left to a jury to determine. In addition, the plaintiff notes that summary judgment is usually disfavored in negligence cases and, therefore, although conceding the tenuous nature of the plaintiff's claim, he argues that summary judgment is inappropriate in the present case.
Although the plaintiff is correct in his contention that summary judgment is CT Page 10391 especially ill adapted to negligence cases, where . . . the ultimate issue in contemplation involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation;
(Citations omitted, internal quotation marks omitted.) Spencerv. Good Earth Restaurant Corp., 164 Conn. 194, 198-99,319 A.2d 403 (1972); the defendant does not raise the issue of negligence or the applicable standard of care in its motion for summary judgment. Rather, the defendant's motion raises the factual issue of the identity of the tortfeasor.
Here, the plaintiff failed to offer any evidence indicating that the defendant was the party who left the sewer grate in the dangerous position.
 It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.
(Citations omitted; internal quotation marks omitted.) State v.Goggins, 208 Conn. 606, 615-17, 546 A.2d 250 (1988).
 A material issue of fact is one that will make a difference in the result of the case. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. .
(Citations omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). The evidence offered by the defendant in support of summary judgment demonstrates that the plaintiff offered no evidence that defendant's agents and employees moved the storm sewer grate nor that they had any control over the grate at any time. The plaintiff provided no evidence to sustain his burden required to oppose summary judgment. Accordingly, the defendant's motion for summary judgment should be and is granted.
/s/ McDonald, J. CT Page 10392 McDONALD