[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR SUMMARY JUDGMENT
On December 10, 1993, the plaintiff, Ellen Foley, filed a two count complaint sounding in negligence against defendant Hartford Civic Center and Coliseum Authority and defendant Wackenhunt Corporation respectively. In both counts, the plaintiff alleges the following. On November 15, 1992 and for some time prior thereto, defendant Hartford Civic Center and Coliseum Authority, through its agents, servants, and/or employees, owned, controlled, maintained and/or provided security for the premises located at 1 Civic Center Plaza in Hartford, Connecticut, also known as the Hartford Civic Center, including the area in and around Section 118. Also on November 15, 1992, and for some time prior thereto, defendant Wackenhunt Corporation provided security for the Hartford Civic Center, including the area in and around Section 118.
On the evening of November 15, 1992, the plaintiff, Ellen CT Page 1949 Foley, attended a concert at the Hartford Civic Center with her husband, Robert Foley. They were seated in Section 118 of the Civic Center. At that time and place, several spectators at the concert, including the plaintiff, complained to defendant Hartford Civic Center and Coliseum Authority and defendant Wackenhunt Corporation, through their agents, servants, and/or employees, that a spectator, Marie Nolan, was behaving in a belligerent manner and needed to be controlled or asked to leave the concert. At approximately 9:30 p.m., the plaintiff was lawfully in section 118 when she was violently attacked by Marie Nolan, causing the plaintiff to sustain and suffer severe personal injuries and losses.
The plaintiff alleges that her injuries were caused by the carelessness and negligence of the defendants, acting through their agents, servants, and/or employees, by: (1) failing to timely remove and/or control Marie Nolan after being notified that she was presenting a danger to the spectators of the concert, (2) failing to have a sufficient number of security personnel available to control and supervise all of the concert's spectators, (3) failing to provide a safe place for the plaintiff and others lawfully upon the premises, when, in the exercise of reasonable care, they could have and should have done so, and (4) failing to timely intervene in the attack upon the plaintiff, when, in the exercise of reasonable care, they could have and should have done so.
Plaintiff further alleges that as a result of the negligence of the defendants, acting through their agents, servants and/or employees, the plaintiff was violently assaulted by Marie Nolan; that the plaintiff sustained a cervical and upper trapezius strain; an aggravation and exacerbation of a previously existing temporomandibular joint condition; headaches; abrasions, including abrasions to both ears; great pain and anguish; and a shock to her entire nervous system.
On October 17, 1994, defendant Hartford Civic Center and Coliseum Authority (hereinafter "Civic Center") filed a Motion for Summary Judgment on the ground that no genuine issue of material fact exists; that it was not the proximate cause of the plaintiff's alleged harm since no act or omission by the Civic Center was the proximate cause of a sudden and unexpected assault on plaintiff by a non-party to this action CT Page 1950 when the harm suffered was not within the scope of any risk created by said defendant. Additionally, the defendant argues judgment should enter in its favor because it had no actual or constructive notice that the subject assault would occur.
As required by Practice Book § 380, the defendant has filed a memorandum in support of its Motion for Summary Judgment, and the plaintiff has timely filed a memorandum in opposition. Both defendant and the plaintiff have filed uncertified copies of portions of the depositions of Robert Foley and Ellen Foley.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law."Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Id. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted; internal quotation marks omitted.)Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). "In deciding such a motion, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781.
The defendant, in its memorandum in support of its motion for summary judgment argues that no genuine issue of fact exists; that no act or omission by defendant was the proximate cause of the plaintiff's alleged harm by a non-party; the same not being within the scope of any risk created by defendant. In addition, the defendant argues that judgment should enter in its favor because it had no actual or constructive notice that the subject assault would occur.
In response, the plaintiff argues that the defendant owed a duty to the plaintiff to control the conduct of third persons, the breach of which was the proximate cause of the plaintiff's injuries and losses. Furthermore, the plaintiff argues that the defendant's breach of duty was a substantial CT Page 1951 factor in producing the plaintiff's injuries and losses.
The Connecticut Supreme Court has "consistently adhered to the standard of 2 Restatement (Second), Torts section 442B (1965) that a negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third person and is not within the scope of the risk created by the defendant's conduct." (Internal quotation marks omitted.) Doe v. Manheimer,212 Conn. 748, 759, 563 A.2d 699 (1989). Tortious or criminal acts may in themselves be foreseeable, and therefore, be within the scope of the created risk. Id.
In the opinion of the court a question of fact does exist concerning whether the harm caused to the plaintiff was within the "scope of the risk" created by the alleged negligence of the defendant. The copies of portions of the depositions submitted by the parties leave open the question whether the attack by Marie Nolan was within the scope of the risk created by said defendant's conduct. It is further noted that "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 199, 319 A.2d 403 (1972).
Since a genuine issue of material fact exists, said defendant did not meet its burden of proving that it is entitled to judgment as a matter of law.
The Civic Center's Motion For Summary Judgment is denied.
Hale, State Trial Referee