[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT NO. 114
On August 2, 1994, the plaintiff, Lawyers Title Insurance Company, commenced this action against the defendant, Murray Trachten, an CT Page 7928 attorney, based on allegations that the defendant failed to take exception to a duly recorded mortgage in two title insurance policies which he issued on behalf of the plaintiff. In the first count of the complaint, the plaintiff asserts a breach of contract claim. In the second count, the plaintiff asserts a negligence claim.
On March 25, 1988, the defendant entered into a written contract with the plaintiff whereby the defendant agreed to act as the plaintiff's agent for the purpose of issuing title insurance commitments, policies and endorsements with respect to residential real estate transactions. On September 27, 1990, a property owner granted two mortgages to New Haven Savings Bank on residential property located in Orange as partial security for a commercial line of credit. In connection with this transaction, on October 1, 1990, the defendant, in his capacity as an agent of the plaintiff, allegedly issued two insurance policies which insured the bank's mortgages without taking exception to a pre-existing encumbrance on the property. Specifically, the defendant allegedly failed to take exception to a $50,000.00 second mortgage in favor of Connecticut Savings Bank which was properly recorded on the Orange land records.
On November 14, 1994, the court granted the defendant's motion to implead the third party defendant, Robert Brykowski, a title searcher who was employed by the defendant to perform the title searches that form the basis of this action. On February 7, 1995, the defendant filed an answer and raised the statute of limitations as a special defense to the plaintiff's negligence claim. The defendant subsequently amended his answer so that it raised a statute of limitations special defense with respect to the plaintiff's breach of contract claim.
On May 31, 1995, the plaintiff filed a motion for summary judgment (#114), supported by a memorandum of law, affidavits and other documentary evidence. The plaintiff argues that judgment should enter in its favor because there are no genuine issues of material fact with respect to the defendant's negligence in the performance of the title search, or the defendant's breach of his contract, or the defendant's liability as a principal for the alleged negligence of his agent, Brykowski, in performing the title search. While the file contains no memorandum or evidence in opposition, the defendant appeared and argued in opposition to the motion at short calendar. The defendant argued that the plaintiff's claims were barred by the applicable statute of limitations.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof CT Page 7929 submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ."Miller v. United Technologies Corp., 233 Conn. 732, 744-45 (1995).
In support of its motion for summary judgment on the negligence claim (the second count), the plaintiff argues that there is no genuine issue of material fact with respect to the defendant's breach of his duty of care, or the fact that this breach was the proximate cause of the damages sustained by the plaintiff. In response, the defendant argues that the plaintiff's negligence claim is barred by the three year statute of limitations contained in General Statutes § 52-577.[1]
The defendant argued the issue at oral argument in opposition to the plaintiff's motion without submitting any affidavits or evidence in support of his argument. While the party seeking summary judgment has the initial burden of showing the nonexistence of any genuine issue of material fact, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . ." Miller v. United Technologies Corp., supra, 233 Conn. 745. "Mere assertions of fact . . . are insufficient to establish the existence of [an issue of] material fact and, therefore, cannot refute evidence properly presented to the court . . . ." Id.
In support of its motion for summary judgment on the breach of contract claim (the first count), the plaintiff argues that under the terms of the contract, the defendant was obligated to comply with all of the applicable statutes, and was obligated to exercise due care and diligence in performing title searches. The plaintiff contends that the defendant breached the contract when he failed to take exception to the pre-existing mortgage.
Pursuant to the terms of the parties' contract, the defendant was required to "exercise due care and diligence in committing Principal to risks by issuance of commitments and policies of Principal and in closings by Agent or its employees of any transaction involving the issuance of policies of Principal." (Plaintiff's exhibit A, paragraph 7.) Pursuant to the contract, the defendant was also obligated to "comply with all applicable statutes, rules and regulations relating to the conduct of Agent's business." (Exhibit A, paragraph 4.) The plaintiff contends that the defendant, in failing to take exception to the second mortgage, violated General Statutes § 38a-407, which provides in pertinent part that "[n]o title insurance policy may be written CT Page 7930 unless and until the title insurer or its title agent has caused to be conducted a reasonable search and examination of the title and has caused to be made a determination of insurability of title in accordance with sound underwriting practices."
In the present case, the defendant would be in breach of the parties' contract if he "failed to exercise due care and diligence." The defendant would be in violation of § 38a-407 if he failed to conduct "a reasonable search and examination of the title," and failed to make "a determination of insurability of title in accordance with sound underwriting practices." Thus, the defendant would be in breach of the contract if he was negligent in the performance of his duties, and the trier of fact would have to find that the defendant failed to exercise due care in order to conclude that the defendant breached the contract.
The plaintiff, in attempting to prove that the defendant breached the contract by failing to exercise reasonable care, submits a supporting affidavit in which the affiant states that a second mortgage in favor of Connecticut Savings Bank appeared on the land records at the time that the defendant conducted his title search, and that the defendant failed to take exception to the second mortgage. (Affidavit of Winkler, paragraph 7.) The plaintiff also submits a supporting affidavit in which the affiant, a title searcher, states that "[t]he missed mortgage was duly and properly recorded . . . and can be found by any title searcher using reasonable care in the conduct of an examination of the title to that property." (Affidavit of Drummy, paragraph 6.)
With respect to the form of affidavits, Practice Book § 381 provides in pertinent part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis added.)
The plaintiff's affidavits are not controverted by the defendant. Accordingly, the court may rely on the statements of fact contained in these affidavits. See Bartha v. Waterbury House Wrecking Co., Inc.,190 Conn. 8, 11-12, 459 A.2d 115 (1983), but not necessarily on any opinions expressed.
Winkler's affidavit establishes that a second mortgage appeared on the land records at the time that the defendant conducted his title search, and that the defendant failed to take exception to the second mortgage. It does not state that it was in the chain of title, and CT Page 7931 remains a proper encumbrance on the property. Drummy's affidavit likewise establishes the fact that that the second mortgage was properly recorded on the land records. Nevertheless, while Drummy's statement is admissible to establish that the mortgage was properly recorded on the land records, that portion of the statement in which Drummy opines that a title searcher using reasonable care would find the mortgage recorded on the land records is inadequate because it constitutes both a legal conclusion and a statement of opinion, as opposed to the required statement of fact. Further, there is no statement in the affidavit that the mortgage was in the chain of title, and remains as a valid encumbrance on the property. Finally even if the court accepted opinion evidence in an affidavit, that affidavit does not satisfactorily establish the expertise of the title searcher for summary judgment purposes.
Moreover, Drummy's statement is inconclusive with respect to whether the defendant breached his duty of care and with respect to whether the breach proximately caused the plaintiff's injuries. The first count sounds in contract but stands in negligence. Ordinarily, issues of negligence are inappropriate for resolution on a motion for summary judgment. Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 199, 319 A.2d 403 (1972). This is especially true for malpractice where opinion evidence is normally required. The rule of the Spencer case is applicable in a case like this, where resolving whether the defendant breached the parties' contract depends on a finding that the defendant breached his duty of care by failing to conduct a reasonable title search. Whether the defendant breached a duty of care is classically a question for the trier of fact. Petrillo v. Kalman, 215 Conn. 377, 382-83 (1990).
Thus, the evidence before the court is insufficient for purposes of determining whether the defendant breached the contract by failing to exercise due care and diligence. Accordingly, the court denies the plaintiff's motion for summary judgment as to the first count of the complaint.
Since the same arguments apply to the second count sounding in negligence, the motion for summary judgment is denied as to the second count.
SAMUEL S. FREEDMAN, JUDGE