[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 109
On September 2, 1994, the plaintiff, Denise Denicola, filed this automobile negligence claim against the defendants, Joshua A. Rattner and Michael J. Rattner. The complaint alleges that on March 13, 1993, Joshua A. Rattner negligently operated his vehicle on North Street in Danbury, causing injuries to Denicola. Denicola further alleges that during a snowstorm, Joshua A. Rattner improperly crossed the double yellow center line on North Street and struck her car.
On June 28, 1995, Denicola filed a motion for summary CT Page 10193 judgment as to liability only, asserting that there are no genuine issues of fact in dispute. In support of the motion, Denicola provided the court with an uncertified police accident report and deposition testimony.
On July 24, 1995, the defendants filed an objection to the motion and the affidavit of Joshua A. Rattner.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Water Way Properties v. Colt's Mfg. Co.,230 Conn. 660, 664, 646 A.2d 143 (1994). "`The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). The moving party has the burden of showing the absence of any genuine issue as to all material facts. (Emphasis added.) Fogartyv. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
The case before the court is clearly one of negligence — what reasonable people would do under the circumstances. Joshua A. Rattner has filed an affidavit stating that he is not at fault in this accident and that he was operating his vehicle slowly and in a careful manner. These facts are sufficient to defeat Denicola's motion for summary judgment. "Summary judgment procedure `is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . .'" Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 198, 319 A.2d 403 (1972). "`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, supra, 193 Conn. 446.
Therefore, since a genuine issue of material fact exists as to Joshua A. Rattner's negligence, and motions for summary judgment are generally inappropriate in negligence actions, Denicola's motion for summary judgment is denied.
Stodolink, J. CT Page 10194