[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#118)
The plaintiffs, Gary Kelb, individually and as parent and next friend of the minor plaintiff, Jesse Kelb, bring this action against the defendants, James Christiano and Anthony Christiano, to recover for injuries sustained by the minor plaintiff when he was allegedly bitten by an Akita dog owned by James Christiano. At the time of the incident which allegedly occurred on December 24, 1994, the plaintiffs were on a premises that was occupied by James Christiano and owned by Anthony Christiano.
In the first and second counts of the complaint the plaintiffs assert strict liability claims against James Christiano pursuant to General Statutes § 22-357. In the third count, the plaintiffs' assert a negligence claim against Anthony Christiano based on allegations that he should have known of the dog's dangerous propensities, that he failed to warn the plaintiffs about the dog's dangerous propensities, and that he failed to restrain the dog. In the fourth count, Gary Kelb asserts a negligence claim against Anthony Christiano which incorporates the facts alleged in the third count.
On September 1, 1995 Anthony Christiano filed a motion for summary judgment on the third and fourth counts (#108) along with a supporting memorandum and an affidavit. Christiano moves for summary judgment on the ground that he does not, as a matter of law, owe a duty to the plaintiffs to control the dog or warn them of the dog's dangerous propensities. On September 21, 1995 the CT Page 12520-BB plaintiffs filed a memorandum in opposition.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . cannot refute evidence properly presented to the court. . . ." Miller v. United TechnologiesCorp., 233 Conn. 732, 744-45 (1995).
Generally, "[s]ummary judgment procedure `is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention . . . requires the trier of fact to determine whether the standard of care was met in a specific situation. . .'"Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198,319 A.2d 403 (1972). Nevertheless, with respect to negligence claims, "[t]he existence of a duty is a question of law." Shorev. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982). "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Id., 151-52.
In Goff v. Timothy, 1 Conn. L. Rptr. 385 (1990) (Berdon, J.), a tenant who was attacked by a dog that was owned by another tenant sued the landlord for common law negligence. In rendering summary judgment in favor of the landlord, the court, citing the Restatement (Second) Torts, § 514, comment a, held that "[e]ven if there was evidence that the dog was abnormally dangerous, there would be no liability on the part of the defendant [landlord]. . . ." Id. "[T]he possessor of property on which the animal is kept, even when coupled with permission given to another to keep it, is not enough to make the possessor of the land liable as a harborer of the dog. . . ." Id.
In Towns v. Scipio, Superior Court, judicial district of New CT Page 12520-CC Haven, Docket No. 363833, 14 Conn. L. Rptr. 372 (May 26, 1995) (Hartmere, J.), the plaintiff sued the landlord for negligence after she was attacked by a dog that was kept on the leased premises by the landlord's tenant. The plaintiff alleged that the landlord was negligent because they knew or should have known that the tenant kept a dangerous dog on the premises, and that the landlord failed to post any warning signs with respect to the dog. In Towns, the court, relying on Goff v. Timothy, supra, granted the landlord's motion for summary judgment on the ground that the landlord did not owe a duty to the plaintiff. SeeMcCorquodale v. Agnone, Superior Court, judicial district of New Haven, Docket No. 282135 (January 13, 1994) (Hodgson, J.); andBethea v. Gary, Superior Court, judicial district of New Haven, Docket No. 299571, 8 CSCR 511 (April 28, 1993) (Hadden, J.) (both holding that a landlord does not owe a duty to a plaintiff who was bitten by a tenant's dog while on the premises leased to the tenant). But see Duhaime v. Tron Mills, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 34521,7 Conn. L. Rptr. 4 (June 30, 1992) (McGrath, J.).[1]
In the present case, the affidavit submitted by Christiano establishes that he owns the premises occupied by his son, James Christiano; that he has leased the premises to his son since 1984; that the leased premises is under the exclusive control of James Christiano; that James Christiano did not own the dog at the beginning of the tenancy; that the dog is confined to the premises leased by James Christiano; that he is not the owner, keeper or harborer of the dog; that he is not responsible for controlling the dog; that he had no knowledge of the dog's propensities; and that he was not present at the premises leased by his son on the date that the minor plaintiff was attacked by the dog.
Based on the case law and the uncontradicted facts stated in Anthony Christiano's affidavit, the court concludes that Anthony Christiano, as the landlord of the premises leased to James Christiano, did not owe a duty to the plaintiffs to either warn them with respect to the tenant's dog, or to otherwise control the tenant's dog. Therefore, the court grants Anthony Christiano's motion for summary judgment on the third and fourth counts of the plaintiffs' complaint.
BALLEN, JUDGE.