[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#140)
The defendant, Home Depot U.S.A., Inc. ("Home Depot") moves for Summary Judgment on the grounds that the plaintiff, who was an employee of Home Depot, is barred by the exclusivity provision of the Workers Compensation laws from maintaining this action CT Page 4173 against his employer.
Summary Judgment may be granted when the pleadings, affidavits and other proof submitted demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Burns v. HartfordHospital, 192 Conn. 451, 455 (1984). "The test is whether the party would be entitled to a directed verdict on the same facts."Connelly v. Housing Authority of the City of New Haven,213 Conn. 354 (1990). Because litigants have a constitutional right to have issues of fact decided by a jury, courts should exercise care and caution before taking that right away. Spencer v. GoodEarth Restaurant Corp., 164 Conn. 194, 196 (1972).
Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion, however, once the moving party has presented affidavits or evidence in support of the motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Burns v. Hartford Hospital,192 Conn. 455 (1984).
In his amended complaint Stopa alleges that Home Depot wilfully and intentionally placed him in a sphere of danger knowing that he was substantially certain to be injured under those work conditions. Specifically, he alleges that Home Depot set up a racking system in its warehouse for storing merchandise, that it had prior knowledge that merchandise had been pushed by fork lifts through the holding rack, falling to the opposite side, and that by knowingly maintaining this inherently unsafe working condition, it was substantially certain that merchandise would fall onto an employee (the plaintiff was allegedly injured when bath tubs stored approximately 20' high were caused to fall on him.
In support of its motion Home Depot has submitted several affidavits. These affidavits may be summarized as follows:
 1. Affidavit of John McNeely; McNeely was the store manager, and states he decided where to locate the racking system. Further he was unaware of any potential danger with its location.
 2. Affidavit of Jacqueline Tobin; Tobin was a divisional buyer for Home Depot and authorized the purchase of the racking system. She states it was a discretionary purchase based on CT Page 4174 storage needs and not based on company policy or directive
 3. Affidavit of Steve Taylor; Taylor was the corporate safety manager for Home Depot. He states it was contrary to corporate policy to expose an employee to a known risk and, prior to the accident, he was unaware of any risk associated with the racking system.
 4. Affidavit of Ronald Helten; In his capacity as lead man in the receiving department, he directed that the bath tubs be stored in the upper level of the racking system, and that was his individual decision.
 5. Affidavit of James Kane; Kane was a District Manager for Home Depot. He did not report directly to Home Depot headquarters, but rather to a regional supervisor.
In their objections to the Motion for Summary Judgment, the opposing parties (the plaintiff Stopa and the defendant United Steel Products) submit the following affidavits and/or proof to demonstrate the existence of a disputed factual issue.
 1. Deposition testimony of Mary Weed; Weed was a department head at the Home Depot store. She stated that, prior to the accident, she had seen a box of merchandise fall from the racking system onto the floor; that she deemed the racking system to be dangerous and reported it to both Al Deluca, the store manager and James Kane, the district manager; that she discussed this hazardous condition with Kane on several occasions and that Kane assured her it was being attended to; that approximately two months after the accident, netting was installed across the back of the stocking system to prevent merchandise being pushed out the back end. She also testified that she did not believe she had the option of not using the racks although she believed it to be an unsafe condition; that she had knowledge of other prior incidents where merchandise had fallen from the racks.
 2. Affidavit of Maurice Stopa (plaintiff); Stopa states he has worked for Home Depot since 1991; that he is familiar with Home Depot's practices, policies, directives and procedures applicable to its receiving departments; that he has seen "roll-racking" storage systems in several Home Depot locations; that roll racking systems are not allowed in the customer areas of Home Depot stores while utilized in receiving (employees only) departments; that it was corporate policy to have management, CT Page 4175 not, individual employees, make decisions about storage facilities and safety precautions.
 3. Affidavit of Irvin U. Ojalvo; Ojalvo is a professional engineer. He stated that the utilization of a roll-racking storage system without netting was substantially certain to result in injury.
Except for two narrow exceptions, the exclusive remedy for an employee's job related injury is through workers' compensation. The exception is when the employer has committed an intentional tort or when the employer has engaged in wilful or serious misconduct. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106
(1994).
Home Depot argues that the allegations of the complaint do not demonstrate that the injury was caused by any act of the employer and that any wilful or serious misconduct was that of a fellow employee which cannot be attributed to Home Depot. It claims that the highest authority within Home Depot who was allegedly made aware of the dangerous condition was the district manager and a person in his position could not be deemed to be the alter ego of the corporation, citing Jett v. Dunlop,179 Conn. 215 (1979). Jett involved an assault on an employee by a foreman and the plaintiff claimed the corporation later condoned the conduct. The plaintiff did not allege it was corporate policy for a supervisor to assault another employee. The allegations of this case are akin to those in Suarez, supra, and test set out in Suarez is controlling. In this case the purportedly dangerous condition was allegedly known to Home Depot management and it is further alleged that management failed to take appropriate steps to rectify the dangerous condition and, as a result, injury was substantially certain to occur. These claims place this case under the ambit of the Suarez decision. There is no requirement that the highest corporate officials had to have been aware of and ignored the risk as a matter of policy. It should be sufficient if management level officials did so, as long as they have authority to establish working conditions. (And it is alleged here that the district manager did have authority to do so).
Whether the plaintiff can prevail at trial, is not being decided here. But there are conflicting affidavits supporting the position of each party. CT Page 4176
This Court is not prepared to say, as a matter of law, that Home Depot cannot be held liable under the theory of the case advanced by the plaintiff. There are issues of fact raised by the pleadings and affidavits which should be left for the trier, and the allegations sufficiently qualify for the narrow exception to the exclusivity provision of the Workers' Compensation Act.
Accordingly, the Motion for Summary Judgment is denied.
KLACZAK, J.