[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
One of the defendants in this personal injury case, Enrique Micher, filed a motion (#133) for summary judgment seeking to dismiss the count brought against him by the plaintiff, Elena Stelmach. The file discloses that the plaintiff is the moving party's sister and was a passenger in a vehicle operated by this defendant on June 29, 1994, when there was a multi-vehicle accident on Interstate 95 in Greenwich.
The defendant's moving papers include a copy of a police report and excerpts from a deposition of the plaintiff. Also included is an affidavit by Micher which states that, at the time his vehicle was rear-ended by another vehicle, he "was stopped in the right shoulder portion of the roadway."
The plaintiff did not file an opposing affidavit. In her brief, the plaintiff points, however, to contradictory statements in her own deposition regarding whether the vehicle in which she was a passenger was actually stopped at the time of the collision or still moving. The failure to file an opposing affidavit in effect concedes the accuracy of the defendant's affidavit as to his location at the time of the collision. "The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." Practice Book (1998 Rev.) § 17-45. Thus, the fact that Micher was stopped on the shoulder at the time of the collision is accepted by this court as true and accurate.
The next issue is whether Micher is entitled to summary judgment based on the lack of a genuine issue of fact as to the location of this defendant's vehicle at the moment of impact. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doucette v. Pomes,247 Conn. 442, 452-53, ___ A.2d ___ (1999).
This court believes that the moving party is not entitled to summary judgment because this defendant could be negligent notwithstanding that his vehicle was stopped on the shoulder when the other vehicle ran into it. Perhaps Micher should have put on CT Page 1198 his hazard lights or moved even further off the traveled portion of the highway. Perhaps this defendant should not have stopped on the shoulder at all but should have kept moving with the flow of traffic if his vehicle was under proper control.
It is axiomatic that summary judgment is generally not applicable to negligence actions where the trier of fact must "determine whether the standard of care was met in a specific situation." Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 198, 319 A.2d 403 (1972). Moreover, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Id., 199. In this case, although one genuine issue of material fact, Micher's location at the moment of impact, has been conclusively resolved due to the plaintiff having failed to file a counter-affidavit, other genuine issues of material fact continue to exist. It is also axiomatic that the moving party in a summary judgment has the burden of establishing that that no such issues remain, a burden which this defendant has not met. Gupta v. NewBritain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996).
Accordingly, defendant Micher's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of February, 1999.
William B. Lewis, Judge