[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
I have carefully reviewed the pleadings, authorities, briefs and supporting materials submitted by the parties, as well as the exhibits submitted in connection with the hearing on the application for the prejudgment remedy and the memorandum of decision by Judge Lavine. No overwhelmingly useful purpose would be served by another recitation of the controlling precedent or another lengthy discussion of the authorities. Suffice it to say that I agree for the most part with Judge Lavine's thoughtful analysis. There is, however, a caution, because Judge Lavine was considering whether there was a likelihood of success on the merits for the purpose of the application for the prejudgment remedy, and the current consideration is whether any genuine issue of fact remains to be tried. The standards are, of course, quite different.
Summary judgment is granted in favor of the defendants as to the first, third and fourth counts. The plaintiff expressly concurs in the granting of summary judgment as to the first count, and he has not submitted any argument in opposition to the defendants' argument as to the third and fourth counts. Judge Lavine's notation, at page 33 of his memorandum of decision, is persuasive in any event.
As to the second count, I find that there are genuine issues of fact such that it would be improvident to grant summary judgment. Issues such as the application of law to the facts, especially as to elements involved in the consideration of actual malice and whether the occasion of privilege has been abused, are left to resolution by the finder of fact unless there is no genuine issue. See, e.g., Spencer v. Good EarthRestaurant, 164 Conn. 194 (1972). On the materials submitted, I do not find it clearly established that a reasonable jury could reach only one result. I do not find the issue foreclosed by application of Strada v.Connecticut Newspapers, Inc., 193 Conn. 313 (1984).
Summary judgment is granted as to counts one, three and four and judgment shall enter for the defendants. The motion is denied as to the second count.
___________________, J. Beach CT Page 1166
[EDITORS' NOTE: This page is blank.] CT Page 1167