[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On August 14, 1992, the plaintiff, George Cooper, was injured when he slipped and fell on a dock near a restaurant in Branford. Thereafter, the plaintiff instituted an action and recovered a final default judgment against the restaurant and other defendant's jointly and severally.
The plaintiff's judgment remains unsatisfied. He has now brought this action against the insurer of the restaurant/dock property, and the insurance broker and agent for the lessee of the premises. The plaintiff alleges negligence and breach of contract for failure to obtain appropriate liability insurance coverage for the premises in question.
The defendants, insurance broker Max Fitelson Son, and its agent, Valerie Dwyer, have moved for summary judgment on counts two and three which sound in negligence, and count four, a breach of contract claim. In paragraph nine of count two of the complaint, which paragraph is incorporated in counts three and four, the plaintiff alleges that the defendant Valerie Dwyer was negligent in a number of ways. The defendants denied these allegations in their answer. The circumstances surrounding the agreement to insure the restaurant and the actions Dwyer took in preparing the insurance contract are all questions of fact that are disputed by the parties. Because "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner "; Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984) quoting Spencer v. Good Earth RestaurantCorporation, 164 Conn. 194, 199, 319 A.2d 403 (1972); the defendants' motion for summary judgment on counts two and three is denied. CT Page 5896
Regarding the breach of contract claim, similar issues of material fact preclude summary judgment. The insurance contract merely states that the property to be insured is a "restaurant." Whether the parties intended to include the dock area where the plaintiff fell as part of the insured premises is a question of fact. "Normally, a determination of what the parties intended by contractual commitments is a question of fact. . . ." GaynorElectric Co. v. Hollander, 29 Conn. App. 865, 872, 618 A.2d 532
(1993). "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Bead ChainMfg. Co. v. Saxton Products, Inc., 183 Conn. 266, 274-75,439 A.2d 314 (1981). The portions of the premises that the parties intended to include under the insurance contract in the present case is a question of fact. Therefore, the defendants' motion for summary judgment on count four is denied.
Robert A. Martin, Judge