[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
Before the court are Motions for Summary Judgment filed by the co-defendants to this action; Joseph R.J. Curi, M.D. (Dr. Curi) and Carlton R. Palm, M.D. (Dr. Palm).
Kelly Grondin, individually and as Administratrix of the Estate of her daughter, Ashley M. Grondin (plaintiffs), commenced this medical malpractice action against the defendants, Dr. Curi and Dr. Palm. The CT Page 3520 plaintiffs' complaint as to Dr. Curi, as stated in the amended complaint dated April 23, 1999, is that Ashley Grondin was born on April 7, 1984. Ashley's pediatrician was Dr. Curi who treated her from shortly after her birth. As Ashley grew she developed chronic respiratory problems. Dr. Curi treated her for these problems over the years. After many episodes and many forms of treatment over the years, Ashley was diagnosed in November, 1995 to have a large cancerous tumor in her lungs. The plaintiff claims that Dr. Curi failed to diagnose the cancer with the degree of care and skill ordinarily and customarily used by physicians specializing in pediatrics and in effect deprived Ashley of the opportunity to have the cancer treated early enough to have saved her life. Ashley died on March 17, 1997, at the age of 12
The plaintiffs' claim as to Dr. Palm is that on April 27, 1993, Dr. Curi had referred Ashley to Dr. Palm, a specialist in the field of allergy and immunology for treatment. The plaintiffs assert that Dr. Palm also misdiagnosed Ashley's condition and in effect this led to Ashley's cancer not being detected until it had progressed to the point where chemotherapy treatment was unable to save her life.
The defendants have each moved for summary judgment in this action. The defendants both claim that the plaintiffs have failed to disclose an expert witness who will testify as to causation and therefore they are entitled to judgment as a matter of law.
Through disclosure requirements, the plaintiffs have disclosed the following expert witnesses: Eileen Gillan, M.D., Marc Grella, M.D., Arthur Sitelman, M.D., and Arnold Altman, M.D. Depositions of Dr. Gillan, Dr. Grella and Dr. Sitelman were taken by the defendants. The deposition of plaintiff, Kelly Grondin was also taken. Dr. Altman was not deposed by the defendants on the representation that he advised defense counsel he would not be testifying at trial as an expert witness for the plaintiffs.
The defendants, in support of their motions for summary judgment, have attached portions of the deposition testimony of each the doctors depositions. The plaintiffs rely upon other portions of the doctors' depositions, as well as the complete deposition transcript of Dr. Grella and the deposition of the plaintiff to raise issues of material fact to defend against summary judgment being granted.
It should further be noted that Dr. Gillian was disclosed by the plaintiffs as the treating pediatric oncologist who cared for Ashley once the cancerous tumor was discovered. Dr. Grella was disclosed as the plaintiff's expert pediatrician. Dr. Sitelman was disclosed as the plaintiffs' expert pathologist and also was the doctor who provided the CT Page 3521 plaintiff with a written report to substantiate the plaintiffs' Good Faith Certificate upon which the plaintiffs based the cause of action. Finally, Dr. Altman, again although not deposed by the defendants, was also Ashley's treating hematologist/oncologist. With this background the court reviews the legal standards for summary judgment motions in Connecticut.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appletonv. Board of Education, 245 Conn. 205, 209 (2000).
"To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . The test is whether the moving party would be entitled to a directed verdict if the uncontroverted essential facts contained in the supporting affidavits or other documents were established at trial. . . . In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; internal quotation marks omitted.)Bourquin v. B. Braun Melsungen, 40 Conn. App. 302, 313-3 14, cert. denied, 237 Conn. 909 (1996).
In passing on a motion for summary judgment the trial court is limited to deciding whether an issue of fact exists, but it cannot try the issue if it does exist. See Batick v. Seymour, 186 Conn. 632, 647 (1982). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990).
The plaintiff's underlying cause of action against the defendants is that of medical malpractice:
 [P]rofessional negligence or malpractice . . . [is] defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services". Furthermore, malpractice presupposes some improperCT Page 3522 conduct in the treatment or operative skill [or] . . . the failure to exercise requisite medical skill. From those definitions, we conclude that the relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment.
(Brackets in original; emphasis in original; citations omitted; internal quotation marks omitted.) Trimel v. Lawrence Memorial HospitalRehabilitation Center, 61 Conn. App. 353, 357-58 (2001).
With the above understanding of the law of medical malpractice claims and the standard of review for summary judgment motions, this court has examined in detail the deposition transcripts attached in support and in opposition to summary judgment. This court finds that there exist genuine issues of material fact regarding the testimony that may be provided by the plaintiffs' expert witnesses at the trial of this cause of action. The totality of the possible testimony of all the plaintiffs' experts leads this court to find that genuine issues exist.
Pursuant to Connecticut law, once this court finds that an issue of material fact exists, it cannot try that issue. This court finds that the issues of standard of care and causation are issues that need to be tried by a jury. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Roshan, 193 Conn. 442, 446 (1984). "Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention, involves a mixed question of fact and law, and requires the trier of fact determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact." (Internal quotation marks omitted.) Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198
(1972).
In this particular case, this court finds that it is jury's duty to determine the credibility of the plaintiff's expert witnesses and the weight to be given their testimony. The ultimate issue is whether Dr. Curi and Dr. Palm were negligent in their care and treatment of Ashley Grondin. Since the conclusion of negligence is one of fact; the defendants', Dr. Curi and Dr. Palm, motions for summary judgment are CT Page 3523 denied.
Agati, J.